IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No: 8:22-cv-01535-TPB-CPT |
| | ) |
| JOHN DOE INFRINGER IDENTIFIED AS USING IP ADDRESS 70.127.221.226, | ) |
| | ) |
|    Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS**

COMES NOW Defendant, JOHN DOE, referred to by Plaintiff, conclusively, as the "INFRINGER IDENTIFIED AS USING IP ADDRESS 70.127.221.226," pursuant to Rule 12(b)(6), and moves this Honorable Court to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

**I.**  **Legal standard**

Rule 8 provides that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d)(1).

"In evaluating the sufficiency of a complaint on a motion to dismiss, the well-pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff." *Auger v. United States*, 608CV479ORL35KRS, 2009 WL 10697984, at *1

(M.D. Fla. Apr. 8, 2009), *aff'd*, 382 Fed. Appx. 901 (11th Cir. 2010) (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, et al., 711 F.2d 989, 994-95 (11th Cir. 1983)). "There are a few exceptions to this rule, such as when the facts alleged are internally inconsistent or when they run counter to facts of which the Court can take judicial notice." *Gersten v. Rundle*, 833 F. Supp. 906, 910 (S.D. Fla. 1993) (citing Wright & Miller at § 1357). "Conclusory allegations and unwarranted deductions of fact also are not accepted as true." *Id.* (citing *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir.1974); *cited by Auger*, 608CV479ORL35KRS, 2009 WL 10697984, at *1. Said another way, "[T]he court will not accept conclusory allegations concerning the legal effect of the events the plaintiff has set out if these allegations do not reasonably follow from the pleader's description of what happened, or if these allegations are contradicted by the description itself." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.) (citations omitted).

## II. Plaintiff has not sufficiently pleaded ultimate facts to show that Defendant was the individual who downloaded its pornographic videos.

Plaintiff has sued Defendant for copyright infringement for allegedly making an unauthorized copy of its motion picture works, in violation of the Copyright Act, by downloading it via the BitTorrent protocol. Doc. 17 at 11. "To establish a prima facie case for copyright infringement, a plaintiff must show (1) that he owns a valid copyright and (2) that the defendant copied constituent elements of the copyrighted work that are original." *Pronman v. Styles*, 645 Fed. Appx. 870, 873 (11th Cir. 2016) (citing *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002)).

Plaintiff alleges owning 29 "Works," the titles of which it has "intentionally omitted . . . due to [their] adult nature." Doc. 17, ¶¶ 42, 45. It lists these "Works" on Exhibit "A," Doc. 17-1. The murky part of the pleading, however, lies in the lack of factual allegations to support the second element — that *the defendant* made an unauthorized copy of these Works.

Plaintiff pleads that its software, VXN Scan, "established direct TCP/IP connections with Defendant's **IP address**." Doc. 17. ¶ 29 (emphasis added). An IP address, however, cannot identify a person, but rather, a router.

> An Internet Service Provider (ISP) assigns a single, unique IP address to a router; therefore **any computer accessing the same router would share a single IP address**. *See generally* Tim Lachance, *"IP" So Facto? Not So Fasto: Why IP Addresses Should Not Be Considered PII*, 58 IDEA 303, 307 (2018) ("[U]tilizing [Network Address Translation] a customer can connect multiple devices to the internet through a central router using a single IP address. When this protocol is used, **the IP address that is transmitted through the internet does not identify the single machine being used, but rather the router through which that machine is connected to the internet**."); Paul Ham, *Warrantless Search and Seizure of E-Mail and Methods of Panoptical Prophylaxis*, B.C. INTELL. PROP. & TECH. F., May 2008, at 14 ("**An ISP assigns a unique IP [address] . . . to the router. Any computer that accesses the Internet through that router then assumes the single IP address of the router. Through this IP [address], someone can request from an ISP the identity of the subscriber who owns the router—but potentially not the identity of all the users who access the Internet through the router**.").

*Rodgers v. State*, 264 So. 3d 1119, 1127, n. 1 (Fla. Dist. Ct. App. 2019) (Sleet, concurring in part and dissenting in part) (emphasis added).

Therefore, essentially, Plaintiff has pleaded that *someone* used the *router* assigned

IP address 70.127.221.226 to download its Works. It identified "the subscriber" of the Internet account that uses that router via a subpoena it sent to Spectrum, the ISP. Doc. 17, ¶ 5. The subscriber is "another individual" at the residence where Defendant resided during the relevant period. Doc. 17, ¶¶ 48-49.

Plaintiff then pleads the conclusory and contradictory allegation that *Defendant* "download[ed]" its works, Doc. 17, ¶ 28, and improperly uses the term "Defendant" in multiple places where it really means "computer device connected to IP address 70.127.221.226." *E.g.*, Doc. 17, ¶ 30 ("VCN Scan downloaded from *Defendant* one or more pieces of numerous digital files.")[1]. The allegation that *Defendant*, individually, is an infringer is not only conclusory but contradicts the statement that Plaintiff's connection was not with Defendant, personally, but with the "IP address." Doc. 17, ¶ 29. As such, the allegation cannot be taken as true.

In 2018 the Ninth Circuit issued a decision in *Cobbler Nevada, LLC v. Gonzales,* 901 F.3d 1142 (9th Cir. 2018), "making clear that a copyright infringement claim based merely on a defendant's status as the subscriber of an IP address associated with infringing activity does not cross the threshold of 'plausibility' required of pleadings in federal court." *Id.* at 1145-47; *cited by Venice PI, LLC v. Meinert*, No. C17-1403 TSZ, 2019 WL 4318707, at *1 (W.D. Wash., Sept. 12, 2019).

---

[1] Additional conclusory allegations are found in Paragraph 28 ("... Defendant used the BitTorrent file network to illegally download ..."), Paragraph 35 ("... to download a piece (or pieces) of the same digital media file from Defendant"), Paragraph 37 ("The VXN Scan captured transactions from Defendant ...."), Paragraph 43 ("Defendant downloaded, copied, and distributed Plaintiff's works ...."). All these allegations are merely conclusory and contradict the fact that Plaintiff cannot identify an individual by an IP address, and has nothing more than an IP address to identify the transactions. Therefore, they cannot be accepted as true for purposes of this motion to dismiss.

"Following *Cobbler,* a district judge in the Northern District of Illinois dismissed a suit brought by Malibu Media in *Malibu Media, LLC v. Doe,* No. 18-C-450, 2018 WL 6446404 (N.D. Ill. Dec. 10, 2018)." *Malibu Media v. Park,* 17-12107 (JMV)(MF) (D. N.J. July 9, 2019).

As stated in *Cobbler Nevada*:

> Although copyright owners can often trace infringement of copyrighted material to an IP address, it is not always easy to pinpoint the particular individual or device engaged in the infringement. Internet providers, such as Comcast or AT & T, can go so far as to identify the individual who is registered to a particular IP address (*i.e.*, an account holder) and the physical address associated with the account, but that connection does not mean that the internet subscriber is also the infringer. The reasons are obvious — simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address. Identifying an infringer becomes even more difficult in instances like this one, where numerous people live in and visit a facility that uses the same internet service. While we recognize this obstacle to naming the correct defendant, **this complication does not change the plaintiff's burden to plead factual allegations that create a reasonable inference that the defendant is the infringer**.

*Cobbler Nevada, LLC,* 901 F.3d at 1146-47) (emphasis added); *quoted by Malibu Media v. Park,* 17-12107 (JMV)(MF), 2019 WL 2960146 (D. N.J. July 9, 2019) (Denying plaintiff's motion for default because "Plaintiff will have to show something more than merely tying Defendant to an IP address in order to sufficiently establish copyright infringement.").

In another case finding a defective pleading, the District of Connecticut explained:

> Beyond alleging that Doe is the subscriber of the ISP account associated with the IP address used for infringing activity, Malibu Media does not allege any additional facts to make it plausible to conclude that it was Doe—rather than other persons—who was responsible for the infringing activity. For example, Malibu Media does not allege any facts about whether the physical address corresponds to a single-family home or a multi-unit apartment building. Nor does Malibu Media allege any facts about the number of persons who reside at the physical address that corresponds to the ISP subscriber account and IP address. Nor does Malibu Media allege any facts about the network configuration at the physical address, such as whether there is wireless internet or whether the network is secured or unsecured.

*Malibu Media, LLC v. Doe*, No. 3:18-cv-01369 (JAM), 2020 WL 4719219, *4 (D. Conn. Aug. 13, 2020) (denying motion for default judgment).

Beyond its mere conclusions, Plaintiff attempts to satisfy its pleading standard of providing ultimate facts to show that Defendant infringed its works by stating that it "identified Defendant as the true infringer" "[b]ased on Plaintiff's investigation of the subscriber and publicly available resources." Doc. 17, ¶ 6. It does not state what, exactly, its "investigation" contained but makes it clear that the "investigation" does not include a deposition, interrogatories, or even a private investigator's report, but rather involved looking at what it believed was Defendant's "social media pages":

> 50. Plaintiff logged BitTorrent network activity emanating from IP address 70.127.221.226 involving works other than Plaintiff's copyrighted works. Collectively, this evidence is referred to as the "Additional Evidence."
>
> 51. Defendant's social media pages shows that Defendant has an interest in:
>
>> a.  Role-playing games ("RPG");

  b. A Scottish pop band called CHVRCHES; and

  c. Lana Del Rey.

52. Plaintiff's Additional Evidence lists files related to Defendant's interests, including but not limited to:

  a. *Marvel Super Heroes RPG megatorrent*;

  b. *CHVRCHES - Screen Violence (2021) Mp3 320kbps [PMEDIA]*;

  c. *Lana Del Rey – Blue Banisters (2021) MP3 [320kbps]*;

  d. *Lana Del Rey - Chemtrails Over the Country Club (2021) MP3 [320 kbps]*;

  e. *Lana Del Rey - Let Me Love You Like A Woman (2020) Mp3 320kbps [PMEDIA]*; and

  f. *(Pop) Lana Del Rey - Violet Bent Backwards Over The Grass (2020) MP3 320kbps Album – 2020*.

Doc. 17, ¶¶ 50-51.

In other words, Plaintiff is alleging that, because Defendant, presumably[2] clicked "like" on Facebook or other social media account something in relation to "role playing games" or the musical artists Chvrches and Lana Del Rey, he downloaded Plaintiff's pornography. This logic is inherently flawed, and there is no direct correlation to Defendant "liking" these three, unrelated items, and downloading Plaintiff's pornography.

First, the term "role playing games" is quite broad and includes tabletop (*i.e.* Dungeons and Dragons), live action ("LARP"), and electronic media games such as Final Fantasy, Pokemon, and World of Warcraft. The genres are extremely popular.

---

[2] We don't know exactly how Defendant "has an interest in" these subjects, because Plaintiff does not plead that.

Chvrches is a band with 737,000 followers on Facebook[3] and 349,000 followers on Instagram.[4] Lana Del Rey has a whopping 15 million followers on Facebook.[5] Therefore, the fact that Defendant's "social media" profiles indicate a preference toward these items does not mean that he downloaded those specific files.

Moreover, this "Additional Evidence" bears no connection between Defendant and Plaintiff's pornography. Furthermore, even, assuming, *arguendo*, that Defendant having "liked" (on Facebook, say) one of these items constituted proof that he downloaded that particular Torrent, Plaintiff has not been able to clarify that the person who downloaded the pop music by the band Chvrches was the same person who downloaded Plaintiff's pornography. Because an IP address represents a router that gives off a wifi signal and not any particular computer device or individual, the person who downloaded the Marvel Super Heroes role-playing game may not necessarily even be the same person who downloaded the album *Screen Violence* or Lana Del Rey's albums. It is entirely possible, and even plausible, that the individual(s) who downloaded Plaintiff's motion picture works are not the same individual(s) who downloaded the music or Marvel Super Heroes game. It is further plausible that the individual(s) who downloaded Plaintiff's works did not reside in the same house as Defendant but were neighbor(s) using the same IP address via unsecured wi-fi.

---

[3] https://www.facebook.com/CHVRCHES
[4] https://www.instagram.com/chvrches/
[5] https://www.facebook.com/lanadelrey

Exactly like Malibu Media in the District of Connecticut case, Plaintiff omits any facts about whether Defendant's physical address corresponds to a single-family home or a multi-unit apartment building; the number of persons who reside at the physical address that corresponds to the ISP subscriber account and IP address; the network configuration at the physical address, such as whether there is wireless internet or whether the network is secured or unsecured. *Malibu Media, LLC*, No. 3:18-cv-01369 (JAM), 2020 WL 4719219, *4. Plaintiff's burden is to plead *ultimate facts* to indicate that Defendant downloaded *Plaintiff's* Works — not some unrelated Works — and Plaintiff has not come close to showing that. Therefore, Plaintiff has not stated a cause of action.

WHEREFORE, Defendant, JOHN DOE, alleged user of IP address 70.127.221.226, pleads this Honorable Court to DISMISS Plaintiff's complaint for failure to state a cause of action.

### Rule 3.01(g) Certificate of (Attempted) Conferral

Before filing this motion, I the undersigned attorney contacted counsel for Plaintiff in a good-faith effort to resolve the issues raised by the motion, but said counsel was not available for a conferral. Pursuant to Rule 3.01(g)(3), the undersigned intends to contact counsel for Plaintiff again, then supplement this certificate upon a conferral.

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012

## **CERTIFICATE OF SERVICE**

I hereby certify that on **January 3, 2023**, I electronically filed the foregoing with the Clerk of the Court via CM/ECF, thereby serving a true and correct copy on Plaintiff.

*Attorneys for Defendant:*

**Cynthia Conlin & Associates**
1824 E Robinson Street
Orlando, FL 32803
Tel. 407-965-5519/Fax 407-545-4397
www.ConlinPA.com

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
Cynthia@conlinpa.com
Secondary Email for Service:
service@conlinpa.com